IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RONALD MARKS                                                                              PLAINTIFF

V.                                    NO. 3:19-cv-154-BRW

U.S. XPRESS, INC. and
JEREMIAH LAYKERMOO                                                              DEFENDANTS

## AGREED PROTECTIVE ORDER

Plaintiff has served discovery requests on U.S. Xpress, Inc., wherein he requested *inter alia* confidential employment/personnel records for U.S. Xpress, Inc.'s driver, Mr. Jeremiah Layklermoo.  U.S.Xpress, Inc., submitted responses to these requests, *inter alia*, by objecting to providing information that is confidential, private, or proprietary, but agreeing to provide various documents provided that they be produced subject to a Protective Order.

The Court finds as follows:

1.      Pursuant to the Court's authority under Fed. R. Civ. P. 26(c), a protective order should issue with regard to the production of certain proprietary or otherwise confidential company records that defendant has agreed to produce (subject to this order) including certain of Mr. Laykermoo's employment records, (henceforth all collectively referred to as the "protected materials") in connection with this litigation.

2.      Defendants shall designate any protected materials by writing or stamping the words "protected materials" or other similar designation on the

document being produced.

3. The protected materials produced during the discovery and litigation of this matter shall not be disclosed by Plaintiff, by his counsel or representatives, or by their witnesses to any person other than to counsel for the parties and counsel's employees actively engaged in the conduct of this litigation, to any experts retained for the purpose of assisting counsel in trial preparation for this case, and to those specific witnesses who may testify in this action about topics pertaining to the protected materials *provided that* prior to disclosure, each individual to whom disclosure is made is advised of, and specifically agrees to abide by, this order by executing a Confidentiality Acknowledgement in the form attached hereto as Exhibit A. The protected materials shall not be distributed for use in connection with any other claim or litigation absent specific written authorization of U.S. Xpress, Inc. If any of these materials are filed with the Court, the documents must be filed under seal. If utilized in depositions, the court reporter shall be notified that such documents will be kept confidential and attached under cover. Nothing in this Order affects the admissibility of any such documents at trial as ruled upon by the Court pursuant to the Federal Rules of Evidence.

4. The non-disclosure provisions of this order shall not terminate at the conclusion of this action. Also, any disclosure shall be made in a manner such that the confidential information does not become a matter of public record unless Plaintiff is granted authorization by this Court to introduce them into evidence at trial. Furthermore, in the event that any protected material *is* ultimately used in

any Court proceedings, it shall not lose its proprietary or confidential status through such use.

5. Any party may request that any document containing protected materials be filed under seal.

6. Within 45 days after final conclusion of all aspects of this litigation, all protected materials (and all copies thereof) shall be returned to counsel for U.S. Xpress, Inc., together with a certificate of compliance signed by Plaintiff's counsel; however, it is agreed that Plaintiff's counsel may (for a period of three years) retain one copy of all protected materials for counsel's file, which will be kept confidential until destroyed no later than three years after all aspects of this litigation have concluded.

7. All lingering issues, if any, regarding disclosure or production of other documents (for which agreement among the parties has *not* been reached) shall be addressed by separate order.

IT IS SO ORDERED this 16th day of August, 2019.

                                           Billy Roy Wilson
                                           United States District Judge

1907308-v1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RONALD MARKS                                                                    PLAINTIFF

VS.                              NO: 3:19-CV-00154-BRW

U.S. XPRESS, INC. and
JEREMIAH LAYKLERMOO                                                    DEFENDANTS

# EXHIBIT A
# CONFIDENTIALITY ACKNOWLEDGEMENT

I have been designated by Plaintiff (or by his counsel) as a person who may have access to "Protected Materials" as that term is defined in the Agreed Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Protected Materials" or "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Protected Materials" or "Confidential" and disclosed to me. I further agree not to disclose such documents or information to any person or entity not authorized under the Order to view such materials.

Following completion of this case, I will promptly return any and all such "Protected Materials" to counsel for Plaintiff Mr. Marks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 201___.

_____
Name

_____
Address

EXHIBIT A

4
1907308-v1